UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of the Arbitration between            :
                                                    :
NATIONAL UNION FIRE INSURANCE                       :
COMPANY OF PITTSBURGH, PA., on behalf of            :
itself and its related insurers,                    :   No. 16-CV-05699-JGK
                                                    :
                Petitioner,                         :
                                                    :
        v.                                          :
                                                    :
ADVANCED MICRO DEVICES, INC.,                       :
                                                    :
                Respondent.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF AARON DEHAVEN
IN SUPPORT OF PETITIONER'S ORDER TO SHOW CAUSE
TO COMPEL ARBITRATION AND FOR INJUNCTIVE RELIEF**

I, AARON DEHAVEN, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Senior Director in the accounting department of Petitioner National Union Fire Insurance Company of Pittsburgh, Pa., (the "Petitioner" or "National Union"). I am familiar with the facts and circumstances set forth below, and I submit this Declaration in support of Petitioner's Order to Show Cause to Compel Arbitration and for Injunctive Relief. I make this Declaration based on my personal knowledge, familiarity with the manner Petitioner maintains its business records, and review of Petitioner's business records.

2. I have been employed by National Union since July 31, 2006. I am familiar with National Union's business and record keeping system.

3. I have personal knowledge of the insurance program purchased by Advanced Micro Devices, Inc. ("AMD" or "Respondent"), the agreements that govern that insurance program, and the terms of those agreements.

4. Attached as Exhibit 1 to the Declaration of Andrew D. Hart in Support of Petitioner's Order to Show Cause to Compel Arbitration and for Injunctive Relief (the "Hart Declaration") is a true and correct copy of the Indemnity Agreement by and between Petitioner and Respondent covering the period July 1, 1988 through July 1, 1989.

5. Attached as Exhibit 2 to the Hart Declaration is a true and correct copy of the Indemnity Agreement by and between Petitioner and Respondent covering the period July 1, 1989 through July 1, 1990.

6. Attached as Exhibit 3 to the Hart Declaration is a true and correct copy of the Indemnity Agreement by and between Petitioner and Respondent covering the period July 1, 1990 through July 1, 1991.

7. Attached as Exhibit 4 to the Hart Declaration is a true and correct copy of the Indemnity Agreement by and between Petitioner and Respondent covering the period July 1, 1991 through July 1, 1992.

8. Attached as Exhibit 5 to the Hart Declaration is a true and correct copy of the Indemnity Agreement by and between Petitioner and Respondent covering the period July 1, 1994 through July 1, 1995.

9. Attached as Exhibit 6 to the Hart Declaration is a true and correct copy of the Premium Payment Agreement by and between Petitioner and Respondent, effective July 1, 1995.

10. Attached as Exhibit 7 to the Hart Declaration is a true and correct copy of the Premium Payment Agreement by and between Petitioner and Respondent, effective July 1, 1996.

11. Attached as Exhibit 8 to the Hart Declaration is a true and correct copy of the Payment Agreement for Insurance and Risk Management Services by and between Petitioner and Respondent, effective July 1, 1998.

12. Exhibits 1 – 8 to the Hart Declaration and Exhibits 1 to 12 annexed hereto were made at or near the date set forth therein by, or from information transmitted by, someone with knowledge.

13. Exhibits 1- 8 to the Hart Declaration and Exhibits 1 to 12 annexed hereto were created and kept in the ordinary course of Petitioner's regularly conducted business activity.

14. Attached hereto as Exhibit 1 is a true and correct copy of the Policy and Funding Schedule covering the period July 1, 1990 to July 1, 1991.

15. Attached hereto as Exhibit 2 is a true and correct copy of the Policy and Funding Schedule covering the period July 1, 1991 to July 1, 1992.

16. Attached hereto as Exhibit 3 is a true and correct copy of the Policy and Funding Schedule covering the period July 1, 1992 to July 1, 1993.

17. Attached hereto as Exhibit 4 is a true and correct copy of the Policy and Funding Schedule covering the period July 1, 1993 to July 1, 1994.

18. Attached hereto as Exhibit 5 is a true and correct copy of the Policy and Funding Schedule covering the period July 1, 1994 to July 1, 1995.

19. Attached hereto as Exhibit 6 is a true and correct copy of the Schedule of Policies and Payments effective from July 1, 1995 to July 1, 1996, by and between Petitioner and Respondent.

20. Attached hereto as Exhibit 7 is a true and correct copy of the Schedule of Policies and Payments effective from July 1, 1996 to July 1, 1997, by and between Petitioner and Respondent.

21. Attached hereto as Exhibit 8 is a true and correct copy of the Schedule of Policies and Payments effective from July 1, 1997 to July 1, 1998, by and between Petitioner and Respondent.

22. Attached hereto as Exhibit 9 is a true and correct copy of the Schedule of Policies and Payments effective from July 1, 1998 to July 1, 1999, by and between Petitioner and Respondent.

23. Attached hereto as Exhibit 10 is a true and correct copy of the Schedule of Policies and Payments effective from July 1, 1999 to July 1, 2000, by and between Petitioner and Respondent.

24. Attached hereto as Exhibit 11 is a true and correct copy of the Schedule of Policies and Payments effective from July 1, 2000 to July 1, 2001, by and between Petitioner and Respondent.

25. Attached hereto as Exhibit 12 is a true and correct copy of the Schedule of Policies and Payments effective from July 1, 2001 to July 1, 2002, by and between Petitioner and Respondent.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: Pittsburgh, Pennsylvania
July 28, 2016

_____
Aaron DeHaven

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Barbara Ann Stiggers, Notary Public
Turtle Creek Boro, Allegheny County
My Commission Expires Sept. 24, 2019

State of Pennsylvania County of Allegheny
On this 28 day of July, 2016, before me the undersigned notary public personally appeared Aaron M Dehaven personally known or proved to me through satisfactory evidence of identification to be the person(s) whose name(s) is/are signed on the preceeding or attached document and acknowledged to me that he/she/they signed it voluntarily for its stated purpose.

Signature of Notary Public
My Commission Expires Sept 24, 2019